FILED

FEB 03 2017

STEPHEN C. WILLIAMS
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. )
MARCUS TIMBERSON, a.k.a. "Marky D," )
Defendant. )

CASE NUMBER: 3:17-mj-7006-SCW

Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)

## CRIMINAL COMPLAINT

I, Federal Bureau of Investigation (FBI) Special Agent Julie E. Neiger, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

## COUNT 1

**Distribution of a Controlled Substance**

On or about October 21, 2016, in St. Clair County, within the Southern District of Illinois,

**MARCUS TIMBERSON, a.k.a. "Marky D,"**

defendant herein, did knowingly and intentionally distribute a substance containing cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 2

**Distribution of a Controlled Substance**

On or about October 25, 2016, in St. Clair County, within the Southern District of Illinois,

**MARCUS TIMBERSON, a.k.a. "Marky D,"**

defendant herein, did knowingly and intentionally distribute a substance containing cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI) and that this complaint is based on the following facts:

**AFFIDAVIT**

1. On October 21, 2016, Marcus Timberson sold a confidential source of information (CS) working with the FBI and the Metropolitan Enforcement Group of Southwestern Illinois (MEGSI) approximately one-quarter ounce of cocaine in exchange for $350 in East St. Louis, St. Clair County, within the Southern District of Illinois. Prior to the meeting between the CS and Timberson, the CS's person and vehicle were searched with no money or contraband found. The CS was provided with $350 of Official Advanced Funds (OAF) and outfitted with audio/video recording devices. The CS was also provided with a transmitter so that law enforcement could monitor telephone calls and the meeting as they were occurring.

2. After the recording devices were activated, the CS was instructed to call Timberson on Timberson's "minute" cellular telephone. Timberson answered and told the CS to call him on his other cellular telephone. The CS then called Timberson on his other cellular telephone. Timberson answered, and the CS asked about purchasing "girl scout cookies," a code referring to cocaine. Timberson said he would check and call CS back.

3. Shortly thereafter, Timberson contacted the CS while the CS was still in the presence of law enforcement and told the CS to meet him at a known residence of Fontez Combs

on 37th Street in East St. Louis.

4. The CS went to the Combs residence as instructed. Upon arrival, he called Timberson but received no answer. Timberson called him back, indicated he was inside the residence, and they discussed the price of the quarter ounce of cocaine, agreeing on $350. Timberson then came out of the residence and got into the CS's vehicle. After the CS refused to go to a particular location to meet Timberson's cocaine supplier, Timberson engaged in another telephone call and then advised the CS that the supplier would come to meet them, but they would still have to go to another location because the supplier did not want to distribute cocaine near Combs' house. Timberson advised the CS that the supplier would be driving a black Chevrolet Camaro or a white Cadillac.

5. The CS and Timberson drove to a school in East St. Louis located on North 40th Street near Caseyville Avenue in East St. Louis. The CS provided Timberson with the $350 OAF and Timberson exited the CS's vehicle. A white Cadillac Escalade arrived and picked up Timberson. Timberson was driven around the Waverly neighborhood near the school for approximately 10 minutes and then dropped off at the intersection of North 40th Street and Audubon Avenue where he returned to the CS's vehicle and gave the CS a plastic bag containing cocaine.

6. The CS drove Timberson to a store located at North 37th Street and Bunkum Avenue and Timberson left. The CS then met with law enforcement and turned over the bag of cocaine. The cocaine field-tested positive for cocaine and weighed approximately 7.4 grams.

7. During the course of the meeting between the CS and Timberson, Timberson stated that the cocaine was better than he was getting for the CS from a previous supplier; that he

had a customer from Belleville who bought $2,000 worth of cocaine from him every two weeks and never complained about the quality of the cocaine; and that he makes the supplier cook a portion of the cocaine into cocaine base in his presence and then samples it so that he (Timberson) knows it is good quality.

8. On October 25, 2016, Marcus Timberson sold a confidential source of information (CS) working with the FBI and the Metropolitan Enforcement Group of Southwestern Illinois (MEGSI) approximately one ounce of cocaine in exchange for $1,390 in East St. Louis, St. Clair County, within the Southern District of Illinois.

9. In the presence of law enforcement, the CS called Timberson on one of Timberson's cellular telephones and inquired about the purchase of one ounce of cocaine. Timberson said he would have to a make a call, but that he would meet the CS at North 46th Street and Caseyville Avenue in East St. Louis.

10. Thereafter, the CS's person and vehicle were searched with no money or contraband found. The CS was provided with $1,390 of Official Advanced Funds (OAF) and outfitted with audio/video recording devices. The CS was also provided with a transmitter so that law enforcement could monitor telephone calls and the meeting as they were occurring.

11. The CS made a second call to Timberson in the presence of law enforcement and asked about the cost of the ounce of cocaine. Timberson said it would be $1,350. CS told Timberson he/she would also pay Timberson's fee for acquiring and distributing the cocaine in cash.

12. The CS picked up Timberson along Caseyville Avenue near North 46th Street as agreed. Timberson was heard contacting his supplier and then directing the CS to park near

North 42nd and Lincoln Avenue. At that location, they discussed various things, to include the Waverly Crips street gang, Timberson's supplier and drug customers, cocaine and heroin.

13. Timberson received another call and instructed the CS to move to the 1800 block of North 43rd Street, where the CS parked. The CS provided Timberson with $1,350 OAF. Timberson got out of the CS's vehicle. Timberson was picked up by someone driving the same white Cadillac Escalade which drove to a nearby location and parked under trees. Timberson remained in the Escalade a short time, exited the Escalade, returned to the CS's vehicle, and provided the CS with a bag containing cocaine. The CS then provided Timberson with $40 OAF as a fee for Timberson acquiring the cocaine. Timberson then exited the CS's vehicle and left.

14. The CS met with law enforcement and turned over the bag of cocaine. The cocaine field-tested positive for cocaine and weighed approximately 29.8 grams.

FURTHER AFFIANT SAYETH NAUGHT.

JULIE E. NEIGER
Special Agent, Federal Bureau of Investigation

State of Illinois )<br>
) SS.<br>
County of St. Clair )

Sworn to before me, and subscribed in my presence on the 3rd day of February, 2017, at East St. Louis, Illinois.

STEPHEN C. WILLIAMS<br>
United States Magistrate Judge

DONALD S. BOYCE<br>
United States Attorney

KIT R. MORRISSEY<br>
Assistant United States Attorney